# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE L. YOUNGBLOOD,<br><br>       Petitioner,<br><br>vs.<br><br>R. J. DONOVAN WARDEN, et al,<br><br>       Respondents. | Civil No. 11-0962 AJB (MDD)<br><br>**ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA** |

  Petitioner is a state prisoner proceeding pro se with a habeas corpus action filed pursuant to 28 U.S.C. § 2254. Upon reviewing the petition, the Court finds that this case should be transferred in the interest of justice.

  A petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which he was convicted and sentenced. *See* 28 U.S.C. § 2241(d); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 497 (1973). The application in the present matter attacks a judgment of conviction that was entered in the Butte County Superior Court, which is within the jurisdictional boundaries of the United States District Court for the Eastern District of California. 28 U.S.C. § 84(b). Petitioner is presently confined at R. J. Donovan Correctional Facility in San Diego, California, located in San Diego County, which is within the jurisdictional boundaries

1  of the United States District Court for the Southern District of California. 28 U.S.C. § 84(d).
2  Thus, jurisdiction exists in both the Eastern and Southern Districts.

3  When a habeas petitioner is challenging a judgment of conviction, the district court of the
4  district in which the judgment of conviction was entered is a more convenient forum because of
5  the accessibility of evidence, records and witnesses. Thus, it is generally the practice of the
6  district courts in California to transfer habeas actions questioning judgments of conviction to the
7  district in which the judgment was entered. Any and all records, witnesses and evidence
8  necessary for the resolution of Petitioner's contentions are available in Butte County. *See*
9  *Braden*, 410 U.S. at 497, 499 n.15 (stating that a court can, of course, transfer habeas cases to
10 the district of conviction which is ordinarily a more convenient forum); *Laue v. Nelson*, 279
11 F. Supp. 265, 266 (N.D. Cal. 1968).

12 Therefore, in the furtherance of justice, **IT IS ORDERED** that the Clerk of this Court
13 transfer this matter to the United States District Court for the Eastern District of California. *See*
14 28 U.S.C. § 2241(d). **IT IS FURTHER ORDERED** that the Clerk of this Court serve a copy
15 of this Order upon Petitioner and upon the California Attorney General.

DATED: May 5, 2011

Hon. Anthony J. Battaglia
U.S. District Judge